City of Bay St. Louis *v.* Milner.*

(Division B.   Oct. 5, 1925.)

[105 So. 480.   No. 25069.]

Licenses. *Statute imposing tax on bottling establishments and giving them right to sue, etc., held not to authorize them to establish depots in cities and towns other than where plants are located without paying a privilege.*

Under chapter 120, Laws 1922, amending chapter 104, section 12, of Laws 1920, imposing a tax on bottling establishments for bottling nonalcoholic and noncereal carbonated or noncarbonated drinks or beverages, and giving such establishments the rights of selling their products at wholesale and at retail at the plant, and giving them the right to establish depots under clause (c) of the act without payment of the privilege tax thereunder imposed, applies only to the cities and towns in which such bottling

establishments are located, and within two miles thereof, and does not authorize such concerns to establish depots in other cities and towns without paying a privilege so to do.

\*Headnote 1.   Licenses, 37 C. J., Section 66.

APPEAL from circuit court of Hancock county.

HON. D. M. GRAHAM, Judge.

J. W. Milner was acquitted of a charge of nonpayment of privilege tax to the city of Bay St. Louis, and the city appeals.   Reversed as to announcement of law of case.

*R. L. Genin,* for appellant.

The lower court erred in holding that appellee is not liable to the city for the tax, under section 1, chapter 120, Laws of 1922.   The appellee contends that the payment by him of the state license in Harrison county entitles him to have places where he may have stored, sell and distribute his beverages anywhere in the state.

It was the intention of the Legislature by this provision to allow the manufacturer to store his beverages in places within the same county, or within the same city, without paying an additional privilege license, but the appellee in this case comes to the city of Bay St. Louis, opens a place of business, sells beverages to all who call for them at this place of business and claims exemption under the act.   A careful reading of that part of section 1, which permits the establishment and maintaining of depots does so for the purpose of distribution and shipment only, without the payment of the additional tax imposed in paragraph (c) of the Act.

This Act cannot be construed to mean that Gulfport can collect fifty per cent. of the state tax imposed and other municipalities must permit the carrying on of this business without any privilege tax whatever.

A reasonable construction of this Act, and the evident intention of the legislature, is that bottling works in any

140 Miss.—38.

city pay the privilege tax to the state, and they be allowed to maintain depots in the city or county without an additional tax, but when maintaining depots in other cities they pay the privilege license required by the city.

*J. L. Taylor,* for appellee.

What did the legislature intend by the passage of chapter 120, Laws of 1922? Counsel for appellant states that a reasonable construction of this act, and the evident idea of the legislature is that the bottling works in any city may pay the privilege tax to the state, and be allowed to maintain depots in the city or county without an additional tax, but when maintaining depots in other cities, that they pay the privilege licenses required by that city. To illustrate this, if a concern bottling in Gulfport should operate under this rule, it could be required to pay the tax to the municipalities of Biloxi, Gulfport, Long Beach and Pass Christian, and certainly the legislature never intended to pass such a law.

Finally, the municipalities were only allowed to levy not exceeding fifty per cent. tax on the privilege taxes, levied by the state, and since the state does not require the one hundred dollar depot tax from the defendant, it follows, as a matter of course, as we view it, that the city is wholly without authority to levy any privilege tax in this instance, and the case should be affirmed.

Etheridge, J., delivered the opinion of the court.

The appellee was tried for nonpayment of privilege taxes to the city of Bay St. Louis under the provisions of chapter 120, Laws of 1922, amending section 12, chapter 104, Laws of 1920. The pertinent part of the statute reads as follows:

"(a) On each establishment, person, partnership, firm or corporation bottling nonalcoholic and noncereal carbonated or noncarbonated drinks or beverages: . . .

"In towns of less than nine thousand inhabitants, but not less than six thousand inhabitants, or within two miles thereof, three hundred dollars. . . .

"Provided, however, that on each establishment, person, partnership, firm or corporation bottling any of the drinks or beverages covered by this act other than coca-cola, chero-cola, or other similar cola drinks or beverages, but not bottling coca-cola, chero-cola, or other similar cola drinks, or beverages, the privilege tax shall be fifty per cent. of the amount imposed in the above schedule.

"The payment of the foregoing tax shall give the licensee the privilege of selling his products at wholesale and at the place of business at retail, and also the privilege of establishing and maintaining depots for the distribution or shipment of any of the drinks or beverages covered by this act without the payment of the additional tax imposed in paragraph (c) of this section."

Paragraph (c) thereof reads as follows:

"On each depot for the distribution or shipment of any of the drinks covered by this act, the sum of one hundred dollars."

The agreed statement of facts was as follows:

"It is agreed by the plaintiff and the defendant, by their attorneys, as follows: That J. W. Milner operates a business in which he sells beverages, pop, coca-cola, etc.; that he has an established business in Gulfport, Harrison county, Miss.; that he has a building in the city of Bay St. Louis, occupied by him, to which he delivers beverages from his place at Gulfport, and from the place at Bay St. Louis his delivery wagon takes these beverages to the customers in and around Bay St. Louis, Miss.; that he pays a license in Gulfport, and Harrison county, and has paid to Harrison county and the state of Mississippi the sum of three hundred dollars license, being receipt No. 109516, bearing date of May 1, 1924; that he has two delivery trucks, which he uses to deliver the beverages sold by him; that the defendant sells these beverages to persons who call at his building in Bay St. Louis for same; that the

place where the defendant manufactures these beverages is at Gulfport, Miss., and he maintains a place in Bay St. Louis for distribution, sale, and shipment. It is further agreed that the city of Bay St. Louis has an ordinance which provides that fifty per cent. of the amount of the state tax shall be the privilege tax due the city on all businesses, trades, callings,'' etc.

The court below held that the appellee was not subject to the payment of privilege taxes imposed by paragraph (c) of the section above set out, and acquitted the defendant, from which the municipality prosecuted this appeal, to settle the law with reference to said municipality.

The chapter begins in classifying the privilege tax with towns of less than one thousand inhabitants, or within two miles thereof, on which is imposed a privilege tax of one hundred dollars, and winds up grading the several towns and cities according to population with:

''In cities of sixteen thousand inhabitants, or more, or within two miles thereof, five hundred dollars.''

It will be noted, also, that the act imposes a privilege tax for doing business in towns and cities, or within two miles of such places. Was it the legislative intent to give a person, firm, partnership, or corporation the privilege of establishing depots under paragraph (c) in other cities and towns than the one in which the bottling business was operated? Or does the act mean that, when the bottling business is conducted in a town or city and the privilege tax paid, depots may be established in any and all cities and towns in the state? Would, for instance, a bottling establishment in a town of less than one thousand inhabitants, paying a privilege tax of one hundred dollars, be entitled to establish depots in cities of more than sixteen thousand inhabitants, where the state privilege tax is five hundred dollars, and the city privilege tax two hundred and fifty dollars, without the payment of a city privilege tax?

It would, it seems to us, be an unreasonable construction to hold that the payment of one hundred dollars privilege

tax in a town of less than one thousand inhabitants would permit the establishment of depots in other cities and towns where the privilege tax was one hundred dollars. To so hold would enable a bottling concern to locate in a town of less than one thousand inhabitants and open its depots for distribution in larger and more populous cities and towns, and thus would defeat both the state and the towns and cities of their proper revenues, and also would enable it to do business in competition with other persons, firms, partnerships, and corporations paying larger privilege taxes. It seems to us that the more reasonable construction is to hold that the act permits the establishment of depots in the towns and cities where the bottling establishment may be located, or within two miles thereof. We must assume that the dominant purpose of the privilege tax law is the collection of revenue, and that it was not intended to give a bottling establishment in one town the right to locate its depots in other cities and towns, where it would escape privilege taxes altogether.

We are therefore of the opinion that the court below erred in its construction of the statute, and the holding, so far as the announcement of the law of the case is concerned, will be reversed. The judgment, however, has the effect of acquitting the defendant of the crime with which he was charged.

*Reversed.*